UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIE JENKINS,

    Plaintiff,

v.                                                           CASE NO. 3:10-cv-00546-J-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is due to be **REVERSED and REMANDED**.

    **I.**    **Issues on Appeal and Summary of Decision**

The two issues on appeal, as framed by Plaintiff, are: (1) whether the Administrative Law Judge ("ALJ") erred in failing to explain why he was not crediting the opinion of a consultative examiner, Dr. Susan Yandle, who opined that Plaintiff was markedly limited in carrying, reaching, lifting, driving, and looking down, even though the ALJ stated that he was assigning "great weight" to this opinion as it was supported by the medical evidence; and (2) whether the ALJ's analysis of Dr. Yandle's opinion constitutes harmless error.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 15 & 16.)

The ALJ stated that his residual functional capacity ("RFC") assessment was consistent with Dr. Yandle's opinion and the opinion of a state agency non-examining doctor, Dr. Eric Puestow. However, Plaintiff persuasively argues that the ALJ's RFC assessment does not appear to adequately account for Dr. Yandle's restrictions. The Court agrees. On remand, the ALJ should sufficiently explain how his RFC assessment incorporates all of Dr. Yandle's limitations, or further address Dr. Yandle's restrictions, separately from those of Dr. Puestow, and accord them appropriate weight. If he is uncertain of the meaning of Dr. Yandle's restrictions, he should re-contact her. Moreover, although Plaintiff raises harmless error as a potential issue, Defendant does not even argue it. The error is not harmless because further analysis of Dr. Yandle's restrictions may lead to a significantly changed RFC assessment. Therefore, reversal and remand is required.

**II.     Procedural History and Summary of the ALJ's Decision**

On October 16, 2008, Plaintiff filed applications for a Period of Disability, DIB, and SSI, alleging he became disabled on October 6, 2007. (Tr. 13, 20, 52-53, 147-50.) The Social Security Administration ("SSA") denied these applications initially and on reconsideration. (Tr. 21-23, 29-32, 43-46, 151-59.) Plaintiff then requested and received a hearing before the ALJ on September 2, 2009, during which he was represented by an attorney. (Tr. 24, 27, 160-83.) Plaintiff and Donna Mancini, a vocational expert ("VE"), appeared and testified at the hearing. (Tr. 164-83.)

On September 15, 2009, the ALJ issued his decision, finding Plaintiff not

disabled and denying his claim. (Tr. 10-20.) The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2008. (Tr. 15.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 6, 2007. (*Id*.) At step two, the ALJ determined that Plaintiff had "the following severe impairments: Hepatitis B and a Disorder of the Cervical Spine." (*Id*.) At step three, the ALJ concluded that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

The ALJ then determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work "except the claimant must avoid ladders or unprotected heights; avoid the operation of heavy moving machinery; only occasionally bend, crouch, kneel, stoop, squat, or crawl; avoid repetitive twisting of the neck including the downward gaze; and avoid overhead reaching." (Tr. 16.) Next, at step four the ALJ determined that Plaintiff was unable to perform any of his past relevant work. (Tr. 18.) The ALJ then found that considering Plaintiff's age of fifty-two on the alleged disability onset date, Plaintiff would be defined as an individual closely approaching advanced age under 20 C.F.R. §§ 404.1563, 416.963. (*Id.*) He also determined that Plaintiff had limited education and was able to communicate in English. (*Id*.)

As step five, based on the VE's testimony and considering Plaintiff's age,

3

education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id*.) The ALJ noted the VE testified that an individual in Plaintiff's position would be able to perform the requirements of such occupations as office helper and ticket seller. (Tr. 19.) Thus, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from October 6, 2007 through September 15, 2009. (Tr. 13, 19.)

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied on April 28, 2010. (Tr. 4-9.) Accordingly, the ALJ's September 15, 2009 decision is the final decision of the Commissioner. On June 25, 2010, Plaintiff timely filed his Complaint in this Court. (Doc. 1.)

### III.    Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen*

*v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[2]

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.,* evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) ("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'").

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per

---

[2] The law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *see also McCruter v. Bowen*, 791 F.2d 1544, 1545 n.2 (11th Cir. 1986).

curiam). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### IV.   Analysis

On March 23, 2009, Dr. Yandle performed a consultative examination of Plaintiff. (Tr. 128-31.) She diagnosed him with "[n]eck pain, status post cervical disk herniation," history of Hepatitis B, gastroesophageal reflux disease, nicotine dependence, and past alcohol dependence. (Tr. 130.) The physical examination revealed the following:

> The claimant holds his neck stiff throughout the exam. . . . Cervical spine decreased [range of motion] throughout. He also has some edema, left greater than right, at the base of his skull with tenderness at the left base. . . . [H]e has pain in his upper shoulders when he is doing extension bilaterally. He does have some left trapezius tightness. . . . I was unable to elicit any [deep tendon reflexes] except in the left patella, which was normal.

(Tr. 129-30.) Dr. Yandle's prognosis for Plaintiff's neck was fair. (Tr. 130.) She assessed marked limitations on Plaintiff's ability to carry, reach, lift, drive, and look down. (*Id.*)

The ALJ discussed Dr. Yandle's consultative examination, including the limitations she imposed on Plaintiff, and assigned "great weight" to her opinions because they were consistent with the medical evidence of record. (Tr. 17-18.) The

ALJ also stated that his RFC assessment of Plaintiff was consistent with Dr. Yandle's opinions and Dr. Puestow's opinions. (Tr. 18.) However, the ALJ did not address these opinions separately,[3] and his RFC assessment does not appear to adequately account for Dr. Yandle's restrictions.[4]

Dr. Yandle assessed marked limitations on Plaintiff's ability to lift and carry. (Tr. 130.) However, the ALJ limited Plaintiff to light work (Tr. 16), which by definition "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b); SSR 83-10. Although Dr. Yandle did not address the total weight Plaintiff could lift and carry, her limitations on lifting and carrying appear to be more restrictive compared to those assessed by the ALJ.

Similarly, Dr. Yandle's limitations on Plaintiff's ability to reach and look down appear inconsistent with the ALJ's RFC assessment. Dr. Yandle's "marked" limitation on Plaintiff's ability to reach (Tr. 130), was not limited to "overhead reaching," as shown in the ALJ's RFC assessment (Tr. 16). Rather, Dr. Yandle

---

[3] The ALJ was required to "evaluate every medical opinion [he] receive[d]," 20 C.F.R. §§ 404.1527(d), 416.927(d), and to "state with particularity the weight given to different medical opinions and the reasons therefor," *Winschel v. Comm'r of Soc. Sec.*, 2011 WL 198372, *2 (11th Cir. Jan. 24, 2011).

[4] The Court recognizes that Dr. Puestow checked the box for "[n]o" in response to the following question: "[A]re there medical source conclusions about the claimant's limitations or restrictions which are significantly different from your findings?" (Tr. 144.) However, the ALJ did not explicitly rely on this statement in treating Dr. Puestow's and Dr. Yandle's opinions together. Moreover, even if the ALJ did rely on this statement, it does not constitute substantial evidence in this case as it is wholly conclusory, and does not appear to be correct, at least without further explanation by the ALJ.

apparently imposed limitations on Plaintiff's reaching in all directions.  Further, while Dr. Yandle imposed marked limitation on Plaintiff's ability to look down, the ALJ stated that Plaintiff should "avoid repetitive twisting of the neck including downward gaze." (*Id.*)  Dr. Yandle's report seems to indicate that Plaintiff is markedly limited in his ability to look down in general, not just when he looks down repetitively.  In sum, the ALJ's RFC assessment does not appear to adequately account for Dr. Yandle's more severe restrictions on Plaintiff's functional abilities.

At a minimum, the ALJ was required to explain how his RFC assessment was consistent with all of Dr. Yandle's restrictions.  If there was inconsistency, he was required to address these differences.  To the extent the ALJ was unsure of the meaning of the limitations imposed by Dr. Yandle, he had a duty to re-contact her for an explanation. *See* 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, [or] the report does not contain all the necessary information . . . ."); 20 C.F.R. §§ 404.1519p(b), 416.919p(b) ("If the report is inadequate or incomplete, we will contact the medical source who performed the consultative examination, give an explanation of our evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report."); *Carril v. Barnhart*, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002) (finding that if the ALJ "was in doubt as to the validity of [Plaintiff's depression], [which was diagnosed by a consultative evaluator,] he should

8

have sought clarification of the test results ... or ordered additional testing"); *Berryman v. Massanari*, 170 F. Supp. 2d 1180, 1185 (N.D. Ala. 2001) ("If the ALJ was in doubt as to the validity of the plaintiff's I.Q. scores, he should have sought clarification of the test results from Dr. Lyons, [who performed a psychological evaluation of the plaintiff,] or ordered additional testing.").

Defendant argues that there was no need to re-contact Dr. Yandle even if her report was ambiguous. (Doc. 20 at 5-7.) This argument is unpersuasive. The ALJ ordered the consultative examination because he needed it. *See* 20 C.F.R. §§ 404.1512(f), 416.912(f) ("Generally, we will not request a consultative examination until we have made every reasonable effort to obtain evidence from your own medical sources."). Importantly, Dr. Yandle was the only examining physician to render an opinion on Plaintiff's functional limitations. It was up to the ALJ, not a different doctor such as Dr. Puestow, to interpret this report. *See* 20 C.F.R. §§ 404.1527(e), 416.927(e) (stating that the determination of a claimant's RFC is an issue reserved to the Commissioner). If the ALJ could not understand the report, it did no good to order it.

Defendant does not argue the issue of "harmless error." Thus, the Court will not address it other than to note that a proper analysis of Dr. Yandle's restrictions could significantly alter the ALJ's RFC assessment. Therefore, reversal and remand is required.

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision **and REMANDING** with instructions to the ALJ to: (a) further consider Dr. Yandle's limitations; (b) explain the weight assigned to these limitations and explain how his RFC assessment incorporates all of them; © if his RFC does not incorporate all of those limitations, explain why he is not adopting the ones at issue, giving appropriate weight to Dr. Yandle's opinion; (d) if necessary, seek clarification of Dr. Yandle's opinion; (e) if appropriate, reevaluate Plaintiff's RFC assessment and determine what types of work, if any, Plaintiff can perform; and (f) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is further directed to close the file.

3. Should this remand result in the award of benefits, Plaintiff's attorney is **GRANTED**, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an extension of time in which to file a petition for authorization of attorneys' fees under 42 U.S.C. § 406(b), until thirty (30) days after the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorneys' fees. This Order does not extend the time limits for filing a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on March 7, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record